UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CLABORYAN LEWIS**          **CASE NO. 6:20-CV-00720**

**VERSUS**                   **JUDGE JAMES D. CAIN, JR.**

**A B C INSURANCE CO ET AL** **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM RULING

Before the Court a "Motion for Summary Judgment" (Doc. 48) filed by Defendant, Rivertec Enterprises, Inc. ("Rivertec") wherein Rivertec moves to be dismissed from the instant lawsuit. Plaintiff has not filed a response/opposition to the Motion, and the time for doing so has now lapsed.

## FACTUAL STATEMENT

During the relevant time period, Rivertec owned the M/V SPEEDY P, a crewboat (referred to as the "vessel"). On March 7, 2018, Rivertec and co-defendant, Yellow Fin Marine Services, LLC, ("Yellow Fin") entered into a Vessel Management Agreement (hereinafter referred to as the "Bareboat Charter") that transferred all possession, control, command, and navigation of the SPEEDY P to Yellow Fin, and which qualifies as a Bareboat Charter under maritime law.[1]

---

[1] Defendant's exhibit A, Declaration of Claudia Powell, App. 1; Defendant's exhibit B, Declaration of Michael Bailey, App. 1.

Yellow Fin maintained possession, control, command, and dominion over the SPEEDY P from March 7, 2018 to March 20, 2020.[2] During this time period, Yellow Fin acted as the owner *pro hac vice* of the SPEEDY P.[3] At all relevant times, Yellow Fin acted as an independent contractor, with no control reserved or exercised by Rivertec over the details of Yellow Fin's work.[4] The SPEEDY P was a workboat which transferred personnel.[5]

On June 8, 2019, Plaintiff, Claboryan Lewis, alleges he sustained personal injuries while transferring from a platform located off Louisiana's coast onto the vessel.[6] Lewis alleges that Rivertec was the owner and operator of the SPEDY P during the relevant time period; during this time period, Rivertec acted as a passive owner who received a revenue stream from Yellow Fin's use of its vehicle.[7] Rivertec chartered the vessel to Yellow Fin, and Yellow Fin employed the crew.[8]

Lewis also alleges that his injuries were caused by the unseaworthiness of the SPEEDY P and the negligence of Yellow Fin and Rivertec,[9] as well as co-defendants, Island Operating Company, Inc. and Fieldwood Energy, LLC. Lewis alleges that he was injured as he was being lowered from a fixed platform to the SPEEY P when the basket attached to the crane started shaking back and forth before landing on the deck.[10] Lewis

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] Defendant's exhibit C, Lewis depo. p. 78:3920; 81:7-82:14;84:22-24; 85:4-9.
[6] Doc. 1, ¶ ¶ 5 and 6.
[7] Doc. 13, ¶ III; Defendant's exhibits A and B.
[8] Defendant's exhibit d, Deposition of Captain Kevin Curry.
[9] *Id.*, ¶ IV.
[10] Defendant's exhibit C, deposition of Plaintiff.

claims that the deckhand employed on the boat was negligent in failing to hold the tagline properly to prevent movement of the personnel basket.[11] Yellow Fin employed the deckhand that Lewis alleged acted negligently.[12]

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[11] Defendant's exhibit C, Lewis depo. pp. 78:3-20; 85:10-87:24; 112:11-113:23.
[12] Defendant's exhibit B, Bailey Decl. Nos. 4, 5(b); Defendant's exhibit D, Curry Depo, p. 99:4-23.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Rivertec maintains that when the incident occurred, it was a passive owner of the Vessel, which had been chartered to a third-party, Yellow Fin. Consequently, Rivertec argues that it cannot be held liable for negligence.

"A 'charter' is an arrangement whereby one person (the 'charterer') becomes entitled to the use of the whole of a vessel belonging to another (the 'owner')." *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993). A bareboat charter is a demise charter. Under a bareboat charter, "[t]he vessel owner transfers full possession and control to the charterer, who in turn furnishes the crew and maintenance for the vessel (thus the term 'bareboat')." *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993). "If a shield [from liability] is possible, it can be provided only by a valid bareboat charter." *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 182 (5th Cir. 1981). A bareboat charterer is an owner *pro hac vice* and "has unrestricted use of the vessel." *Kerr-McGee Corp. v. Ma-Ju Marine Servs., Inc.*, 830 F.2d 1332, 1342 (5th Cir.1987) (*citing Trussel v. Litton Systems, Inc.*, 753

F.2d 366, 368 (5th Cir. 1984). As a result, the bareboat charterer becomes responsible for any negligence of the crew and unseaworthiness of the vessel. *Forrester*, 11 F.3d at 1215.

All the legal benchmarks for creation of a bareboat charter agreement are contained within the Bareboat Charter in this case.[13]

Lewis alleges that the deckhand employed by Yellow Fin was negligent, therefore, Rivertec argues that the fault lies with Yellow Fin. The Court agrees that there is no genuine issue of material fact presented as to any negligence of Rivertec.

Lewis has alleged that his injury arose as a result of the unseaworthiness of the SPEEDY P. Rivertec argues that Lewis's unseaworthiness claim fails as a matter of law because there is no evidence to support his allegations. Here, Lewis has not opposed this motion and has not submitted any summary judgment evidence to dispute Rivertec's argument. A seaman must show that the "unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Usner v. Luckenback Overseas Corp.*, 400 U.S. 494 (1971).

Lewis has not identified the condition he contends rendered the SPEEDY P unseaworthy or submitted summary judgment evidence to support the existence of one. Consequently, there is no genuine issue of fact for trial as to the unseaworthiness of the SPEEDY P.

---

[13] Defendant's exhibit A, Powell Decl. Appx. 1; Defendant's exhibit B, Bailey Decl., Appx. 1.

## **CONCLUSION**

For the reasons set forth herein, the Motion for Summary Judgment (Doc. 48) filed by Defendant, Rivertec Enterprises, Inc. will be granted dismissing with prejudice Lewis's claims against Rivertec.

**THUS DONE AND SIGNED** in Chambers this 21st day of June, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE