# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **CLABORYAN LEWIS** | **CASE NO.  6:20-CV-00720** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **A B C INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## <u>MEMORANDUM ORDER</u>

Before the Court is "Claboryan Lewis' Motions in Limine" (doc. 50) wherein Plaintiff moves to prevent Defendants, Yellow Fin Marine Services, LLC and Island Operating Company, Inc. from introducing at trial any evidence, questions, or reference to the following matters:

- The separation between Lewis and his prior girlfriend(s);

- The existence or nonexistence of custody arrangements between Mr. Lewis and his child's mother;

- Lewis's past or present purported use of drugs;

- Any job Lewis applied for but did not receive an offer of employment;

- Lewis's past or present use of tobacco;

- Lewis's prior legal representation;

- Lewis' convictions, arrests, prison time, or probation;

- Lewis' Social Security Administration;

- Information subject to the exclusion under the Collateral Source Rule;

- The fact that this Motion in Limine was filed;

- The recovery of judicial interest;

- Any reference to the fact that Lewis's recovery would not be subject to federal income tax;

- Any reference or suggestions that Lewis's recovery may be funded by an annuity;

- The adverse financial impact of a verdict;

- Adverse effects of a judgment on insurance premiums;

- Any mention that evidence has been precluded by the Court;

- Any reference to unrelated injuries or illnesses;

- Any reference to "Obama Care," Medicaid, Medicare or other secondary payor programs;

- Untimely impeachment evidence;

- Lewis's prior settlements.

## INTRODUCTION

Plaintiff was injured during a crew transfer from an Omni platform to the MV SPEEDY P. While Lewis was being transferred, the personnel box struck a cargo box aboard the MV SPEEDY P allegedly causing Lewis's injuries. The trial of this matter is currently set for August 15, 2022.

## LAW AND ANALYSIS

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford,* 2008 U.S. Dist. LEXIS 3686, 2008 WL 178890, at *1 (S.D. Tex. 2008) (*citing Hawthorne Partners v. AT&T Tech.*, 831 F.Supp. 1398, 1400

(N.D.Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Rick Kiss Architects, Inc. v. Bryan*, 2010 U.S. Dist. LEXIS 132686, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (*quoting Collins v. Wayne Corp.*, 621 F.2d 777,784 (5th Cir. 1980)).

Evidentiary rulings "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar,* 2008 U.S. dist. LEXIS 58065, 2008 WL 296606, at *1 (S.D. Tex. July 30, 2008) (*citing Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Moreover, the "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three Rivers*, 2013 U.S. Dist. LEXIS 17081, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (*quoting Hawthorne,* 831 F.Supp. at 1400.; *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, (1984)).

Motions in limine are used to identify issues which are likely to arise at trial and which, due to their complexity and potentially prejudicial nature, are best addressed in the motion in limine. *Maggette v. BL Development Corp.*, 2011 U.S. Dist. LEXIS 58077, 2011 WL 2134578, at * 4 (N.D. Miss. May 21, 2011).  A motion "set[ting] forth a lengthy laundry list of matters, most of them of a highly vague nature . . . constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions in limine." *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 U.S. Dist. LEXIS 103618, 2008 WL

5255819, at *1 (Dec. 16, 2008); *Snider v. N.H. Ins. Co.*, 2016 U.S. Dist. LEXIS 77930 (E.D. La. June 14, 2016).

*The separation between Lewis and his prior girlfriend(s)*

Plaintiff moves to exclude any facts related to Lewis's separation from either his current and/or former girlfriends. Plaintiff argues that any facts related to the disposition of his current or prior relationships is not relevant pursuant to Federal Rule of Evidence 402. Plaintiff seeks in this lawsuit damages for mental suffering and disability which is requiring him to incur medical expenses, both past and future.[1]

Defendants argue that evidence concerning Lewis's prior separations is relevant because he testified under oath in a Longshore and Harbor Workers' Compensation Act ("LHWCA") proceeding arising from the same incident, that he had not had any prior mental health treatment, even though he testified in this matter that he was hospitalized after a breakup with his prior girlfriend, for which he received treatment and medication.[2]

Because Plaintiff is seeking damages for mental suffering, he has put at the forefront the issue of causation for his alleged mental suffering.  Defendants have a right to inquire as to Plaintiff's allegations of damages for mental suffering, its causes, as well as Plaintiff's credibility.  As such, the Court will deny Plaintiff's motion in limine at this time.

*Reference of custody arrangements between Mr. Lewis and his child's mother*

Plaintiff moves to exclude and/or prohibit Defendants from inquiring and/or making

---

[1] Doc. 1, ¶ 11.
[2] Defendant's exhibit B, LHWCA deposition of Clayboryan Lewis, pp. 110:2–111:3; Defendant's exhibit A,  pp. 16-17.

any reference to Lewis's child custody arrangements that arose out of the termination of that relationship. Plaintiff argues that this information is irrelevant to this lawsuit.

Defendants argue that this inquiry is relevant because Plaintiff is seeking damages for mental suffering and a break-up of a relationship is contentious and could be the cause of Plaintiff's suffering.  The Court finds that it is premature to definitively rule on this issue and will postpone ruling on this issue until the trial of the matter.

*Lewis's past or present purported use of drugs*

Plaintiff moves to exclude and/or prohibit any inquiry or evidence of Plaintiff's drug use, past or present. Plaintiff argues that any facts related to Plaintiff's drug use has no probative value, is irrelevant, prejudicial, and would amount to improper character evidence. See Federal Rule of Evidence 401-404.  *United States v. McDonald*, 905 F.2d 871, 875 (5th Cir. 1991); *see also United States v. Hudson*, 2011 U.S. Dist. LEXIS 128663, 2011 WL 5357902, at *2 (E.D. La. Nov. 2, 2011). Plaintiff also argues that these facts are not relevant to truthfulness for purposes of Federal Rule of Evidence 608(b). *Beary v. Deese*, 2018 U.S. Dist. LEXIS 118642, at *11-12 (E.D. La. July 16, 2018) (*citing U.S. v. Sellers*, 906 F.2d 597, 602 (11th Cir. 1990).

Defendants argue that Plaintiff's drug use, namely marijuana, has a psychoactive substance that impacts the brain and therefore is relevant to Plaintiff's damages for mental suffering.  Defendants also argue that it goes to Plaintiff's credibility because he testified that he does not recall if he ever tested positive for drugs on other screens or if he failed to get a job due to a failed drug test. Plaintiff later changed his testimony and denied he had

failed drug tests.[3] In addition, Plaintiff refused to answer whether or not he continues to use marijuana, illegally or otherwise.[4]  Defendants remark that marijuana use is banned for oilfield workers and Plaintiff is seeking damages for past and future wage loss. Thus, Plaintiff's ability and/or inability to obtain employment may be caused by his continued drug use.

In addition, Plaintiff has failed drug tests during the pendency of this case for the drugs he was prescribed for pain.  In other words, he was prescribed drugs for pain, but was not taking them as prescribed, therefore he did not test positive for the prescribed pain medication.  Defendants intends to question Dr. Martin, Plaintiff's treating physician, who Defendants anticipate will testify that when a patient is not taking his prescribed pain pills, there is a possibility that the patient is selling the drugs they are being prescribed. The Court agrees that Plaintiff's use of marijuana, past and present is relevant to his wage loss claims.  However, Defendants will have to lay a proper foundation at trial.

*Any job Lewis applied for but did not receive an offer of employment*

Plaintiff moves to exclude and/or prohibit any inquiry as to any prior applications wherein Plaintiff sought employment but was not offered jobs for which he submitted an application.  Plaintiff argues that the probative value of these facts outweigh any prejudice that may result from their use at trial. Federal Rule of Evidence 401-403. Plaintiff explains that the fact that he was not offered a job could be the result of numerous circumstances, none of which has any relevance here.

---

[3] Defendant's exhibit A, Lewis deposition, pp. 18:18–19:1; 19:5-8; 19:13–20:10.
[4] *Id.*, pp. 20:11-12.

Defendants maintain that Plaintiff's employability is relevant here due to his claim for past and future wage loss and remarks that the jury is entitled to hear evidence concerning reasons why Plaintiff did not receive a job offers for which he sought employment. Defendants note that Plaintiff is unsure whether he has not been hired in the past due to drug use or failed drug screens.[5] The Court finds that it is premature to rule on the admissibility of this type of evidence without specific and relevant facts. The Court is concerned about the prejudicial effect as well as the relevancy unless facts are presented at trial that indicate that the reason Plaintiff was not offered job positions was because of his drug use or failed drug tests.  As such, the Court will defer this issue until the trial and the issue properly presents itself.

*Lewis's past or present use of tobacco*

Plaintiff moves to exclude any reference to his tobacco use as irrelevant. Defendants remark that Plaintiff is bringing a claim for low back pain. Defendants argue that there is a significant association between back pain and smoking. Defendants relies on Cureus, National Library of Medicine, Association Between Smoking and Back Pain in a Cross-Section of Adult Americans. 2016 Sept. 26. https://doi.org/10.7759%2Fcureus.806. Additionally, Defendants note that The Center for Disease Control publishes information that cigarette smoking causes premature death, lung cancer, heart disease, respiratory and vascular diseases. Defendants argue that because Plaintiff is seeking past and future wage loss, as well as future medical expenses, the jury should be able to consider Plaintiff's use

---

[5] Defendant's exhibit A, pp. 18:18–19:1; 19:5–8.

of tobacco and weigh any potential impact this would have on his work and life span, as well as his future medical costs related to the accident. The Court agrees and will deny Plaintiff's motion in limine as to tobacco use.

*Lewis's prior legal representation*

Plaintiff moves to exclude and/or prohibit any evidence as to Lewis's prior legal representation because no facts bear any consequence to the outcome of this case. Federal Rule of Evidence 401–403. Plaintiff remarks that any reference to the fact of prior representation also bears a high probability of disclosure of confidential and/or privileged information.

Defendants argue that prior lawsuits could be relevant and asks the Court to defer ruling on this issue because Plaintiff's counsel has not produced certain requested records that hinder its ability to fully brief this issue. The Court agrees that there are issues of attorney-client privilege as well as determining if Plaintiff has alleged the same damages that he might have sought in prior lawsuits.  However, without more facts, the Court cannot make a finding at this time.  Accordingly, the Court will defer ruling until the trial of this matter.

*Lewis' convictions, arrests, prison time, or probation*

Plaintiff, through counsel, remarks that counsel is not aware of any prior criminal acts which may be used against Plaintiff at trial but files this Motion pursuant to Federal Rule of Evidence 404(b) to exclude any evidence of a crime, wrong, or other act that is not admissible to prove a person's character to show that on a particular occasion the person acted in accordance with the character.

Defendants request that the issue of admissibility be deferred to the trial considering that Plaintiffs have pointed to no facts that indicate that Lewis has any convictions, arrests, prison time, or probation. The Court agrees and will defer ruling on this issue due to the absence of information provided by Plaintiff; the Court will address this issue at trial should it become necessary.

*Effect of adverse information*

Plaintiff moves to exclude and/or prohibit any evidence, questions, or comments that suggest or imply that Defendants will be adversely affected by any judgment entered in tis case.  Defendants do not oppose Plaintiff's request.  Accordingly, the Motion will be granted as to the effect of adverse information.

*Any reference to Social Security Administration proceedings*

Plaintiff moves to exclude and/or prohibit any reference to the Social Security administration proceedings for benefits, whether related to this accident or otherwise citing *Green v. Connor,* 644 So.2d 618 (La. 1994). Again, Plaintiff does not provide any facts or information for the Court to make an informed decision.  As such, the motion in limine as to the Social Security Administration proceedings will be deferred to the trial.

*Collateral Source Rule*

Plaintiff moves to exclude any reference to or use of information that is subject to exclusion under the Collateral Source Rule including but not limited to insurance benefits, loans, or other financial assistance from counsel or workers' compensation benefits. Defendants suggests that the parties confer with each other and agree on what constitutes a collateral source but adds that evidence of collateral sources could be relevant for

impeachment purposes. *Logan v. Westfield Ins. Co.*, 2020 U.S. Dist. LEXIS 12268 (E.D. La. Jan. 23, 2020). The Court will defer ruling until the trial after the parties confer, and if it becomes necessary.

*The fact that a Motion in Limine was filed*

Defendants agree that the fact that a Motion in Limine was filed is prohibited.  To that extent the Motion will be granted.

*Any reference to the financial status of Plaintiff's counsel*

Defendants agrees that any reference to the status of Plaintiff's counsel should be prohibited.  To that extent, the motion will be granted.

*Attorney-Client Privilege*

Plaintiff moves to exclude and/or prohibit any mention of any transactions or communications between the plaintiff and his attorney(s). While Defendants agree that communications and transactions that are protected by the attorney-client privilege are prohibited, Defendants suggest that Plaintiff's request for exclusion is overbroad. Specifically, there may be information as to referrals of Plaintiff's treating physicians as well as other instances where certain evidence may be admissible.  The Court agrees and will defer to the trial as to those "other instances," should they exist and rule on them in due course during the trial.

*Judicial Interest*

Plaintiff moves to exclude and/or prohibit any mention of judicial interest at the trial of this matter.  The Court will defer ruling to the trial.

*Federal income tax*

Plaintiff moves to exclude and/or prohibit any reference or mention as to the taxability of a judgment in his favor. As noted by Defendants, this will be handled by a proper jury instruction provided by Plaintiff. To that end the Motion is denied.

*Recovery funded by annuity, financial impact of verdict, impact of verdict on insurance premiums, mention of excluded evidence*

Defendants do not dispute that this type of evidence or reference should be prohibited. The Court will grant Plaintiff's motion to that extent.

*Unrelated injuries or illnesses*

Plaintiff moves to prohibit any mention of any unrelated injuries or illnesses unless it can be shown that such unrelated injuries or illnesses have some relevance to any issue to be decided by this jury.  The Court cannot rule on this issue because Plaintiff has failed to provide sufficient information for the Court to consider Plaintiff's request.  The motion will be deferred to the trial.

*Evidence not furnished to Plaintiff*

Plaintiff moves to exclude any mention, reference to, or use of photographs, movies, and videotapes not furnished to Plaintiff. While Defendants agree that the Court's Scheduling Order controls the exchange of evidence in the case, impeachment evidence need not be exchanged. As such, the Motion in Limine will be granted except for impeachment evidence.

*Obama Care, Medicaid, Medicare or other secondary payer programs*

Plaintiff moves to exclude and/or prohibit any references to "Obama Care" or Medicare or other secondary payer program that Plaintiff has received, been entitled to receive, will receive, or will become entitled to receive.  Defendants do not dispute that this type of evidence is not relevant. As such the Motion in Limine will be granted to exclude and/or prohibit same.

*Impeachment evidence*

Plaintiff moves to exclude and/or prohibit any references or evidence of impeachment evidence not shared with Plaintiff prior to trial.  As noted by Defendants, the Court's Scheduling Order specifically exempts impeachment witnesses from being listed on a party's Witness List.  Accordingly, the Motion in Limine will be denied.

*Prior settlements*

Plaintiff moves to exclude and/or prohibit any reference to prior settlements made by Plaintiff in unrelated lawsuits or claims because it contains no probative value and would serve only to prejudice the Plaintiff and/or confuse the jury.

Defendants inform the Court that Plaintiff was under the care of a doctor as a result of a prior low back claim, which is the same injury here. In addition, Plaintiff's medical records show that he did not return for his follow up appointment and stopped treating with no explanation. Plaintiff admits that he settled his prior claim about the same time he

stopped treating but denied that his receipt of payment had anything to do with his abandoning treatment. Plaintiff claims that he was suddenly healed.[6]

Defendants also inform the Court that Plaintiff was involved in another auto accident where he alleged injury to the same body parts that are at issue here. Regarding that claim, Plaintiff made complaints of pain and pursued medical treatment that was suddenly abandoned.

Defendants complain that Plaintiff has not responded to its discovery requests as to those settlements, in order for Defendants to determine if the settlement of those claims coincide with Plaintiff abandoning treatment. The Court agrees with Defendants that due to the lack of information, the motion in limine as to prior settlements will be deferred to the trial.

## <u>CONCLUSION</u>

For the reasons set forth herein,

**IT IS ORDERED** that the Motion in Limine is **GRANTED** in part and **DENIED** in part.  The Motion is granted to the extent that the following will be excluded and/or prohibited at the trial of this matter: the effect of adverse information; the fact that a Motion in Limine was filed; any reference to the financial status of Plaintiff's counsel; recovery funded by annuity; the financial impact of a verdict; the impact of a verdict on insurance premiums; any mention of excluded evidence; any evidence not furnished to Plaintiff excepting impeachment evidence; and any references to "Obama Care" or Medicare or

---

[6] Defendant's exhibit A, P. 49:19–51:18.

other secondary payer program. Otherwise, the Motion in Limine is denied and/or deferred

to the trial, as stated hereinabove.

**THUS DONE AND SIGNED** in Chambers this 13th day of July, 2022.


**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**